Btxetoit., J.,
delivered the opinion of the court.
Complainants are the heirs at law of Sarah A. Wiley, who died in 1853. In that year on the 18th of June, William Wiley, the husband of the said Sarah, purporting to be, and acting as, the attorney in fact of his wife, conveyed a small tract of land, situated near the city of Memphis, to Charles E. Heidell, the ancestor of the defendants. The power of attorney,- and also the deed made in pursuance thereof, are made exhibits to the bill.
On the 1st of July, 1871, the complainants filed this bill in the Second Chancery Court of Memphis, alleging that the conveyance of their mother’s land was void, mainly upon the ground that the acknowledgment and probate of her power of attorney to her husband were fatally defective. The prayer of the bill was, that the deed be declared void; that the complainants be restored to possession; and that they have an account of the rents and profits.
The deed from William Wiley, as attorney, acknowledged the payment of $1,900, the purchase money of the land, and its receipt by Mrs. Wiley. The defendants demurred to the bill, the matter relied upon in the demurrer being that the plaintiffs, while they admit that their mother received the price of the land, do not show that it was ever refunded to Charles V Heidell, the purchaser, nor do they, by their present bill, offer to refund the same.
The Chancellor sustained the demurrer, and the complainants have appealed to this court.
*100 We are .aware of no precedent, that a bill brought for the rescission of a void deed must contain a tender .of, .or .an-offer to -pay, the price received by the com plain ant on such purchase, ..
-It is- true, that when a party -comes ipto court -tc rescind a ¡contract, he. will, .not ,h© ailo^gd- to do ;!so 'without .restoring .the purchase money received on; the void sale. .And the uniform practice,, as .we. beljeyp, in this State, .has been to . declare a ,lien upon ,the land,.to secure,, its .payment. , .This , is dope, .however, in the decree of rescission, and as an incident thereto. ,Nb authority -has been -produced .that the bill should ,contain an -offer to refund; and -very strong .reasons ¡might -be .stated -against making- such, offer a condition -precedent to granting the relief. , -
•- The facts ;of this case, as .imperfectly, §,et -out ;in -tíre bill;'-suggest ’that .probably, under a- plea ,-of the -statute -of 'limitations, the - litigation--,¡may-.,result -.finally -in Iths ifailune of -the.. complainants? -bill,; but-we.- intimate, of course,---no .opinion- whatever upon, thaf q,ues~ .tion, ,as. if (js .pot -made 4n 'the record,. and .fijr the -further- reason that a ¡full- development .of all .the, facts may make that defense ,inapplicable. , ,, .
-What -we, decide now ;i@, simply that -the Ohanpel- . Jails .d;epi;ee;- ;sustaining the . .demurrer .and .dismissing the bill, Is erroneous.
,4Jfbse ¡decree -ip reversed, -and the capse remanded ,fpn,.further, ¡proceedings. The defendants will .pay the costs of this court. •